defendants' actual knowledge, rather than conscious avoidance on their part. More importantly, there is no evidence *at all* in the record suggesting that Rivera and Vila purposely contrived to avoid learning that their luggage contained contraband. Unlike *Batencort* and *Aleman*, there was no suggestion that the defendants had come into possession of their suitcases under suspicious circumstances which put them on notice of any potential illegality. The prosecution did not demonstrate that the defendants were aware of the unusual construction of their suitcases or the contents of the spray cans, but also averted any investigation that would have given them positive knowledge of the true contents. The government's contention that the defendants *should* have known of the cocaine because of the false bottoms in the suitcases and the weight distribution of the hairspray cans skates dangerously close to a negligence standard under which Rivera and Vila ought to be convicted based on information that they *should* have had knowledge of.[39]

■ Although the district court erred in giving a deliberate ignorance instruction, we conclude that the error was harmless beyond a reasonable doubt.[40] Under the facts of this case, the jury could only find either that the defendants had actual or no knowledge of the cocaine in their suitcases; there is no evidence suggesting a middle ground of conscious avoidance. However, because the jury was also instructed that it could convict based on a theory of actual knowledge, any error is harmless if there was sufficient evidence to support the convictions under that theory. Evaluating the record as a whole, it appears to us that the district court's error in instructing on deliberate ignorance did not affect the jury's verdict. The evidence shows that each of the defendants, traveling as a group under very unusual circumstances, admitted ownership to one of the three suitcases in which relatively equal amounts of cocaine were found. Luggage claim tickets were also found in the possession of the defendants that corresponded to those attached to the suitcases. The jury had no reasonable factual basis upon which it could infer that the defendants had innocent knowledge and thereby cast doubt on the government's case. We therefore conclude that the evidence was so overwhelming that a guilty verdict on all counts is compelled.

By granting the requested instruction on deliberate ignorance, the district court failed to restrain an overzealous prosecution from putting forth an alternate theory of *mens rea* that was not supported by the evidence. This, however, does not detract from the government's overwhelming proof that the defendants acted with actual knowledge.

For the foregoing reasons, the convictions of Rivera and Vila are AFFIRMED.

Oliver M. BOND and Herta R. Bond, Plaintiffs–Appellants,

v.

OCTAGON PROCESS, INC., Defendant–Appellee.

No. 90–8898.

United States Court of Appeals, Eleventh Circuit.

March 28, 1991.

E. Freeman Leverett, Heard, Leverett, Adams and Phelps, P.C., Elberton, Ga., for plaintiffs-appellants.

---

**39.** The district court's decision to give the jury a deliberate ignorance instruction may have been based on the defendants' argument in their opening that Stroud would testify that the group's luggage was damaged on the trip to Barranquilla and that Stroud made arrangements to have these damaged suitcases replaced. The defendants also claimed that Stroud would testify that he received the aerosol cans from a person he met in a bar and put those cans in the suitcases without Rivera or Vila's knowledge. If these facts had been established, the case for a deliberate ignorance instruction would have been stronger and would have come closer to the circumstances in *Aleman*. These facts, however, were never established because the defendants later chose not to have Stroud testify.

**40.** *See Alvarado,* 838 F.2d at 317; *Beckett,* 724 F.2d at 856.

Carl R. Woodward, III, Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, Roseland, N.J. and Peter J. Anderson, Peterson, Dillard, Young Self & Asselin, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, Chief Judge, DUBINA, Circuit Judge, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

The judgment of the district court is affirmed on the basis of the district court's dispositive opinion, which is reported as *Bond v. Octagon Process, Inc.*, 745 F.Supp. 710 (M.D.Ga.1990).

AFFIRMED.

Walter G. FINCH, Plaintiff–Appellant,

v.

HUGHES AIRCRAFT COMPANY, Defendant–Appellee.

No. 90–1473.

United States Court of Appeals, Federal Circuit.

Feb. 27, 1991.